Newman Du Wors LLP
Derek A. Newman (State Bar 190467)
derek@newmanlaw.com
100 Wilshire Boulevard, Suite 940
Santa Monica, CA 90401
Telephone: (310) 359-8200
Facsimile: (310) 359-8190

John Du Wors (State Bar 233913)
duwors@newmanlaw.com
1201 Third Avenue, Suite 1600
Seattle, WA 98101
Telephone: (206) 274-2800
Facsimile: (206) 274-2801

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| JULIAN LEDESMA, an individual, SAM CHAVLES, an individual, and ALVARO RODARTE, an individual, by themselves, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MIRIAM BENZICRON, an individual, JASON SQUIRE, an individual, and THE SWEAT SHOPPE GROUP, LLC, a California limited liability corporation,<br><br>Defendants. | CASE NO. 2:14-CV-05572<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Julian Ledesma, Sam Chavles, and Alvaro Rodarte bring this lawsuit against Defendants Miriam Benzicron, Jason Squire, and The Sweat Shoppe Group, LLC (collectively "Defendants") as to their own acts upon

personal knowledge, and as to all other matters upon information and belief. In order to remedy the harm arising from Defendants' illegal conduct, which has resulted in unjust profits, Plaintiffs bring this action on behalf of a class of California consumers who purchased gift cards for use at The Sweat Shoppe.

## I. INTRODUCTION

1. Plaintiffs Julian Ledesma, Sam Chavles, and Alvaro Rodarte (collectively, the "Plaintiffs") bring this action individually and on behalf of a class of similarly-situated persons against Defendants for selling pre-paid gift cards which expire in violation of Cal. Civ. Code § 1749.5 et. seq., 12 C.F.R. § 205.20 et seq., and other laws.

## II. PARTIES

2. Plaintiff Julian Ledesma is a consumer who purchased a pre-paid gift card certificate in Los Angeles County, California. Mr. Ledesma also resides at all times herein in Los Angeles County, California.

3. Plaintiff Sam Chavles is a consumer who purchased a pre-paid gift card certificate in Los Angeles County, California. Mr. Chavles also resides at all times herein in Los Angeles County, California.

4. Plaintiff Alvaro Rodarte is a consumer who purchased a pre-paid gift card certificate in Los Angeles County, California. Mr. Rodarte also resides at all times herein in Los Angeles County, California.

5. The Sweat Shoppe Group, LLC is a California limited liability corporation with its principal place of business located in Los Angeles County.

6. Defendant Miriam Benzicron is an individual, residing at all times herein in Los Angeles County, California. Ms. Benzicron is a member of The Sweat Shoppe Group, LLC.

7. Defendant Jason Squire Benzicron is an individual, residing at all times herein in Los Angeles County, California. Mr. Squire is a member of The Sweat Shoppe Group, LLC.

## III. JURISDICTION AND VENUE

8. The Court has jurisdiction over the federal claim alleged herein pursuant to 28 U.S.C. § 1331, because it arises under the laws of the United States.

9. The Court has jurisdiction over the California claims alleged herein pursuant to 28 U.S.C. § 1367, because they form part of the same case or controversy under Article III of the United States Constitution.

10. The Court has personal jurisdiction over Defendants because they are residents of California and the causes of action alleged herein arise out of Defendants' transaction of business in California.

11. Because a substantial part of the events or omissions giving rise to these claims occurred in this District and because the Court has personal jurisdiction over Defendants, venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) and (b).

12. Upon information and belief, over 90% of the putative members of the Class are citizens of the State of California.

13. The total amount in controversy for all Class members' claims in this action, including recoverable damages and penalties, exceeds $75,000 but is less than $5,000,000 exclusive of interest and costs, within the meaning of 28 U.S.C. § 1332(d).

## IV. FACTS

14. Defendants operate an indoor cycling studio—The Sweat Shoppe—in Los Angeles County.

15. The Sweat Shoppe sells gift certificates with a value of prepaid cycling classes (Cycle Cards). The Cycle Cards are available to purchase in varying dollar values depending on the number of classes.

16. A customer may purchase a Cycle Card using The Sweat Shoppe's website. A customer can purchase a Cycle Card for 5 classes for $90 or 10 classes for $170.

17. The Cycle Cards have an expiration date. The Cycle Card for 5 classes expires 3 months from the first use. The Cycle Card for 10 classes expires 6 months from first use.

18. If a consumer does not utilize all the classes they purchased within the designated expiration date, the Cycle Card expires. Any unused cycle classes are purportedly forfeited.

19. Defendants receive a windfall when that occurs because they are paid for classes that customers do not actually attend.

20. Copies of the Cycle Cards that Plaintiffs purchased on March 6, 2014 are provided as Exhibit A.

## V.   CLASS ACTION ALLEGATIONS

21. Plaintiffs bring this suit as a class action pursuant to Federal Rule of Procedure 23(a), (b)(1), (b)(2) (b)(3), and/or (c)(4) on behalf of themselves and the following Class comprised of:

> All persons in California who purchased a Cycle Card for use at The Sweat Shoppe.

22. Excluded from the Class are: (a) Defendants or any entity in which Defendants have a controlling interest or which has a controlling interest in The Sweat Shoppe; (b) The Sweat Shoppe's employees, agents, predecessors, successors or assigns; (c) Plaintiffs' attorneys and any member of Plaintiffs' attorneys' immediate family; (d) the judge and staff to whom this case is assigned, and any member of the judge's immediate family; (e) all persons who make a timely election to be excluded from the proposed Class; and (f) governmental entities.

23. Plaintiffs reserve the right to modify this class definition prior to moving for class certification.

24. This action has been brought and may be properly maintained as a class action pursuant to Federal Rules of Civil Procedure 23 for the following reasons:

a. The Class is ascertainable and there is a well-defined community of interest among the members of the Class because all Class members purchased Cycle Cards.
b. On information and belief, there are a minimum of 100 members of the Class residing in different counties of the State of California. Membership in the Class is so numerous and geographically dispersed as to make it impractical to bring all members of the Class before the Court because the identity and exact number of members of the Class is currently unknown but is estimated to be well in excess of 100.
c. Plaintiffs' claims are typical of those of other members of the Class, all of whom have suffered harm due to Defendants' course of conduct as alleged herein.
d. Plaintiffs are members of the Class because they purchased a Cycle Card.
e. There are numerous and substantial questions of law and fact common to all members of the Class that control this litigation and predominate over any individual questions pursuant to Federal Rules of Civil Procedure 23(b)(3). The common issues include, but are not limited to, the following:
  i. Whether Defendants issue or have issued or enforce or have enforced Cycle Cards with unlawful expiration dates;
  ii. Whether Defendants issue or have issued or enforce or have enforced Cycle Cards with unlawful services fees;
  iii. Whether Defendants' conduct constitutes or constituted unfair acts or practices under California Business and Professions Code.

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

    iv.  Whether Defendants' conduct was or is committed in the course of their business;

    v.  Whether Defendants' unfair conduct causes or caused damage and injury to Plaintiffs and the other members of the Class;

    vi.  Whether Defendants have been unjustly enriched by issuing or enforcing prepaid Cycle Cards with unlawful expiration dates;

    vii.  Whether Defendants have been unjustly enriched by issuing or enforcing prepaid Cycle Cards with unlawful service fees; and

    viii.  The measure of equitable/injunctive relief or amount of damages that Defendants should be required to pay as a result of their actionable conduct.

  f.  These and other questions of law and fact are common to the members of the Class and predominate over any individual questions affecting the Class.

  g.  Plaintiffs will fairly and adequately protect the interests of the Class in that Plaintiffs have no interests that are antagonistic to other members of the Class and have retained counsel competent in the prosecution of class actions to represent themselves and the Class.

  h.  Without a class action lawsuit, the Class will continue to suffer damage, Defendants' violations of the law or laws will continue without remedy, and Defendants will continue to enjoy the fruits and proceeds of their unlawful conduct.

  i.  Given (1) the substantive complexity of this litigation; (2) the size of individual Class members' claims; and (3) the limited

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

resources of the Class members, few, if any, Class members could afford to seek legal redress individually for the wrongs Defendants have committed against them.

  j. This action will foster an orderly and expeditious administration of Class claims, will economize time, effort and expense, and will result in uniformity of decision because all matters will be resolved at one time with a minimum of legal fees and judicial resources.

  k. This action presents no difficulty that would impede the Court's management of it as a class action, and a class action is the best and/or the only available means by which members of the Class can seek legal redress for the harm caused by Defendants.

25. The various claims asserted in this action are additionally or alternatively certifiable under the provisions of Federal Rules of Civil Procedure 23(b)(1) or 23(b)(2) because:

  a. The prosecution of separate actions by hundreds of individual Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members, thus establishing incompatible standards of conduct for Defendants.

  b. The prosecution of separate actions by individual Class members would also create the risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members who are not a party to such adjudications and would substantially impair or impede the ability of such non-party Class members to protect their interests; and

  c. Defendants have acted or refused to act on grounds generally

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

applicable to the entire Class, thereby making appropriate final declaratory and injunctive relief with respect to the Class as a whole. The claims brought by Plaintiffs and the other members of the Class all arise from substantially similar sets of facts and from Defendants' identical course of conduct.

26. The issues common to the Class members' claims, some of which are identified above, are alternatively certifiable pursuant to Federal Rules of Civil Procedure 23(c)(4) as resolution of these issues would materially advance the litigation, and class resolution of these issues is superior to repeated litigation of these issues in separate trials.

## VI.   FIRST CAUSE OF ACTION
### (GIFT CERTIFICATE VIOLATIONS UNDER CALIFORNIA CIVIL CODE § 1749.5 ET SEQ.)

27. Plaintiffs incorporate by reference Paragraphs 1 through 26 above as though fully set forth herein.

28. Defendants sell Cycle Cards on The Sweat Shoppe's website.

29. Cycle Cards are instruments containing value or credit in various amounts.

30. The value or credit associated with Cycle Cards is primarily intended to be exchanged for consumer services in the form of cycling classes.

31. The Cycle Cards purportedly expire between three to six months from first use in violation of Cal. Civ. Code § 1749.5(a)(1).

32. Following first use, any remaining value on the Cycle Card is eliminated if not entirely used within the designated expiration date in violation of Cal. Civ. Code § 1749.5(a)(2). Plaintiffs are damaged because the value of the Cycle Card is lost when it expires.

33. On March 6, 2014, Plaintiffs purchased a Cycle Card in the State of California.

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## VII. SECOND CAUSE OF ACTION
## (GIFT CERTIFICATE VIOLATIONS UNDER
## 12 C.F.R. § 205.20 ET SEQ.)

34. Plaintiffs incorporate by reference Paragraphs 1 through 33 above as though fully set forth herein.

35. Defendants sell Cycle Cards on The Sweat Shoppe's website.

36. Cycle Cards are prepaid certificates issued by Defendants in a specified amount and are redeemable for cycling classes.

37. The Cycle Cards expire between three to six months from first use in violation of 12 C.F.R. § 205.20(e). Any unused amount on the Cycle Card is purportedly forfeited. Plaintiffs are damaged because the value of the Cycle Card is lost when it expires.

38. On March 6, 2014, Plaintiffs purchased a Cycle Card in the State of California.

## VIII. THIRD CAUSE OF ACTION
## (VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS
## CODE § 17200 ET SEQ.)

39. Plaintiffs incorporate by reference Paragraphs 1 through 38 above as though fully set forth herein.

40. The Business and Professions Code § 17200 et seq. provides a cause of action to any person injured by any unlawful, unfair, or fraudulent business act or practice.

41. Defendants' sale of Cycle Cards in violation of state and federal laws is an unlawful and unfair business practice.

42. Defendants' sale of the Cycle Cards was committed in the course of commerce.

42. Defendants' sale of Cycle Cards impacts the public interest because it (a) injured other persons, (b) had the capacity to injure other persons, and/or (c) has the capacity to injure other persons.

43. Defendants' unfair and unlawful acts and practices caused damage to

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiffs and other members of the Class.

44. Plaintiffs seek equitable/injunctive relief and damages on behalf of themselves and the other members of the Class for actual damages sustained as a result of Defendants' unfair and unlawful acts or practices in an amount to be determined at trial as well as the costs of this suit and reasonable attorneys' fees.

45. To the extent Plaintiffs seek monetary damages, Plaintiffs also seek treble damages on behalf of themselves and each Class member for his or her actual damages sustained as a result of Defendants' unlawful and unfair acts in an amount to be determined at trial.

## IX. FOURTH CAUSE OF ACTION
### (VIOLATION OF CALIFORNIA CONSUMERS LEGAL REMEDIES ACT CAL. CIV. CODE § 1770)

46. Plaintiffs incorporate by reference Paragraphs 1 through 46 above as though fully set forth herein.

47. The Consumers Legal Remedies Act, Cal. Civ. Code § 1770, provides a private right of action to any consumer for "unfair or deceptive acts or practice" occurring during a transaction intended to result or which results in the sale of goods or services.

48. "Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law" is unlawful under the Consumers Legal Remedies Act. Cal. Civ. Code § 1770(a)(14).

49. Defendants' sale of Cycle Cards in violation of state and federal law is an unfair act or practice under the Consumer Legal Remedies Act.

50. Plaintiffs are consumers, who purchased Cycle Cards from Defendants.

51. Plaintiffs provided the requisite 30 days' notice to Defendants before filing suit and Defendants failed to correct the unfair and prohibited practices.

## X. FIFTH CAUSE OF ACTION
## (UNJUST ENRICHMENT)

52. Plaintiffs incorporate by reference Paragraphs 1 through 51 above as though fully set forth herein.

53. As a result of the conduct described above, Defendants have been and will be unjustly enriched at the expense of Plaintiffs and the other members of the Class.

54. Specifically, Defendants' unfair and illegal actions as described above have enabled Defendants to receive money in violation of state and federal laws.

55. Defendants should be required to disgorge the money retained as a result of their unjust enrichment.

## XI. PRAYER FOR RELIEF

Plaintiffs request the following relief:

(a) A determination that this action is a proper class action maintainable pursuant to Federal Rules of Civil Procedure 23(a), (b)(1), (b)(3) and/or 23(c)(4), and appointing Plaintiffs as representatives of the Class.

(b) That the Court provide equitable relief enjoining Defendants from pursuing the policies, acts, and practices described in this Complaint.

(c) The following damages on their individual claims in a total amount:

    i. Compensatory damages;

    ii. Treble damages to the extent allowed under the California Business and Professions Code.

(d) The following award to the Class:

    i. Disgorgement of money retained through unjust enrichment as set forth above; and

    ii. Compensatory damages under applicable law.

(e) An award of costs and disbursements incurred by Plaintiffs in

connection with this action, including reasonable attorneys' fees pursuant to California Business and Professions Code.

(f) Plaintiffs are not seeking any relief for themselves or the class alleged herein which would under any circumstances cause the "matter in controversy" in this action to exceed the sum or value of $5,000,000, exclusive of interest and costs, within the meaning of 28 U.S.C. § 1332(d).

(g) Such other and further relief the Court deems just and proper.

## XII. JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable pursuant to Federal Rules of Civil Procedure 38.

DATED July 17, 2014.

**NEWMAN DU WORS LLP**

By: *[signature]*
John Du Wors (233913)
Derek A. Newman (190467)
Attorneys for Plaintiffs

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF